IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES | PLAINTIFF/RESPONDENT |
| V.   No. 5:05-CR-50023 | |
|      No. 5:13-CV-05280 | |
| JAMES HALE STEWART | DEFENDANT/PETITIONER |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 51) filed November 13, 2013. The United States of America filed a Response (ECF No. 54) on January 2, 2014. The Defendant filed a Motion for Extension to File a Reply (ECF No. 55) which was granted and the Defendant's Reply was due on or before March 3, 2014 (ECF No. 56), however, the Defendant has not filed a Reply and the matter is ready for Report and Recommendation.

I. Background

On May 9, 2005, James Hale Stewart (hereinafter "Stewart"), was named in a three-count Indictment returned by the grand jury in the Western District of Arkansas. (Doc. 8). Count One charged Stewart with knowingly receiving material containing child pornography that had been shipped and transported in interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1) and 2256(8). (Presentence Investigation Report, hereinafter "PSR", ¶ 1). Count Two charged Stewart with knowingly transporting and shipping child pornography in interstate commerce from Arkansas to Kansas by any means, including by computer, in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1) and 18

U.S.C. § 2256(8). (PSR ¶ 2). Count Three charged Stewart with knowingly possessing material containing over 300 images of child pornography that had been shipped and transported in interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) and 18 U.S.C. § 2256(8). (PSR ¶ 3). Stewart pled guilty to Counts Two and Three of the Indictment on August 11, 2005. (Doc. 31).

The PSR recommended a base offense level of 22, plus an increase of 21 levels in seven "Specific Offense Characteristic" and "Victim-Related Adjustments" enhancements. (PSR ¶¶ 24-30). After a three-point reduction for acceptance of responsibility, the final offense level was 40. (PSR ¶ 36). The minimum term of imprisonment for Count Two was five years and the maximum term of imprisonment was twenty years, pursuant to 18 U.S.C. § 2252A(b)(1). The maximum term of imprisonment for Count Three was ten years, pursuant to 18 U.S.C. § 2252A(b)(2). (PSR ¶ 71). The recommended advisory guideline range was 292 to 365 months. The combined statutory maximum term of imprisonment was thirty years, which capped the advisory guideline range at 360 months imprisonment. (PSR ¶ 72). Stewart objected to several enhancements, including the 5-level enhancement in Section 2G2.2(b)(6). (PSR Addendum).

The sentencing hearing was December 5, 2005. (Doc. 33). The Court considered Stewart's objections to the PSR, overruled them, and sentenced Stewart to 300 months imprisonment (220 months on Count Two and 80 months on Count Three, imposed consecutively), followed by lifetime supervised release, and ordered him to pay a $5,000.00 fine and a $200.00 special assessment. (Doc. 34). Count One was dismissed on the government's motion.

Stewart appealed his sentence to the Eighth Circuit. He argued his sentence violated the Sixth Amendment because the guideline calculation was based upon judge-found determinations

of fact. He further argued the sentencing Court erroneously added a five-level enhancement for the specific offense characteristic of "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor." *United States v. Stewart*, 462 F.3d 960 (8th Cir. 2006). On September 14, 2006, the Eighth Circuit affirmed the judgment of this Court. Id.  Stewart petitioned for a writ of certiorari on February 14, 2007. (Doc. 46). It was denied by the Supreme Court on June 29, 2007. (Doc. 47).

On November 13, 2013, Stewart filed the instant Motion to Vacate, Set Aside, or Correct Sentence contending that the United States Supreme court cases of *Harris v. United States* and *Alleyne v. United States* require that and "fact that, by law, increase the penalty for a crime is an 'Element' that must be submitted to a jury and found beyond a reasonable doubt." (ECF No. 51, p. 2).

## II.  Discussion

The Defendant contends that his "6th Amendment rights have been violated by the sentence imposed" by the court because his "sentence was increase beyond the Statutory Minimum allowable by law based solely on a preponderance of evidence not included in the indictment, nor presented to a jury." (ECF No. 51, p. 3).

**A.  Limitations:**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final," or, as argued here, one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  See 28 U.S.C. §

3

2255; *Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003).

Stewart's conviction became final June 29, 2007, when the Supreme Court denied his Petition for a Writ of Certiorari. The one-year period of limitations expired June 29, 2008, therefore, his petition can only be timely if Alleyne v. United States established a new rule of constitutional law made retroactive for collateral review.

First, § 2255(h)(2) applies only when the new rule has been "made retroactive to cases on collateral review by the Supreme Court". The declaration of retroactivity must come from the Justices. *See Dodd v. United States*, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005); *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). The Court resolved Alleyne on direct rather than collateral review. It did not declare that its new rule applied retroactively on collateral attack.

Secondly, while the 8th Circuit has not specifically ruled on the retroactivity of Alleyne, the following circuits have specifically held that Alleyne is not retroactive: 2nd (*See U.S. v. Redd* 735 F.3d 88, 89 (C.A.2,2013); 7th (*See Simpson v. U.S.* 721 F.3d 875, 876 (C.A.7,2013)); 10th (See *In re Payne* 733 F.3d 1027, 1030 (C.A.10 (Okla.),2013); 11th (*See U.S. v. Harris* 741 F.3d 1245, 1250 (C.A.11 (Fla.),2014)).  No Circuit Court has held Alleyne to be retroactive.

Since Alleyne does not establish a new rule of constitutional law the Defendant's case is barred by the limitations period but even if not barred his argument is not supported by the record.

B.  **Otherwise Not Applicable**

In Alleyne, the Supreme Court held the constitutional rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applies to facts that increase the mandatory minimum punishment

4

for a crime, and that under Apprendi, any fact (other than the fact of a prior conviction) that increases a mandatory minimum sentence "is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2155.  By "mandatory minimum sentences," the Alleyne Court meant statutory minimum sentences, not advisory guideline ranges. 133 S. Ct. at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury.").

This Court's adoption of the § 2G2.2 enhancements and victim-related adjustment in the PSR to determine Stewart's offense level did not run afoul of Alleyne. Such findings were not used to increase his statutory mandatory minimum, imposed by virtue of his plea admission. See *United States v. Wimberly,* 529 Fed.App'x 525, 526 (6th Cir. 2013) (per curiam) ("[T]he holding of Alleyne is irrelevant to this case because [the defendant] entered a guilty plea and specifically admitted [to] . . . the fact used to support his mandatory minimum sentence."). In other words, the Court's fact-finding did not "increas[e] the legally prescribed [sentencing] floor." Alleyne, 133  S.Ct. at 2161. This Court simply used its discretion to impose a sentence within the range allowed by statute. The relevant statutes here called for a statutory sentencing range of not less than five years and not more than thirty years. The Court's application of the § 2G2.2 enhancements and victim-related adjustment only affected the guideline recommendation between the statutory sentencing ranges. Stewart's sentence was within the statutory range of imprisonment. Because the sentencing guidelines are advisory rather than mandatory, *United States v. Booker*, 543 U.S. 220 (2005), application of guideline enhancements that do not increase the statutory maximum or minimum penalty, neither implicates nor violates a defendant's Sixth Amendment right to a jury trial. Alleyne, 133 S.Ct. at 2163.

**C. Evidentiary Hearing:**

A petitioner is entitled to an evidentiary hearing on a habeas motion unless " 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005) (alteration in original) (quoting 28 U.S.C. § 2255). No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted). *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (C.A.8 (Mo.),2008).

In the present case no hearing is required because the record conclusively shows that the Defendant is not entitled to the relief claimed.

**D. Certificate of Appealability:**

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997). In this case the Defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, this Court should deny any request for a certificate of appealability.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  March 10, 2014.


*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE