IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES                                           PLAINTIFF/RESPONDENT

v.                        CASE NO. 5:05-CR-50023
                          CASE NO. 5:13-CV-05280

JAMES HALE STEWART                                      DEFENDANT/PETITIONER

ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 57) filed in this case on March 10, 2014, by the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas, regarding Petitioner James Hale Stewart's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. In light of Stewart's Objections to the R&R (Doc. 58), which he filed on March 31, 2014, the Court has conducted a *de novo* review of the record, focusing in particular on the portions of the R&R to which specific objections have been made, in accordance with 28 U.S.C. § 636(b)(1)(C).

The Magistrate recommends denying Stewart's petition for two reasons. First, the petition is time-barred pursuant to the requirement of 28 U.S.C. § 2255(f)(1), which states that a motion to vacate, set aside, or correct a sentence be filed within one year of the date on which the judgment of conviction becomes final. Here, Stewart's judgment of conviction became final on June 29, 2007, when the Supreme Court denied his petition for writ of certiorari. The one-year limitations period pursuant to § 2255(f)(1) therefore expired on June 29, 2008. Stewart did not file his § 2255 petition until November 5, 2013—more than five years after the deadline. In Stewart's Objections to the R&R, he attempts to make a

new argument[1] regarding "the validity of the plea agreement in chief" and then asserts that his counsel "did not sufficiently inform of the consequences of the plea" and failed to move to suppress certain evidence obtained by the police prior to Stewart's arrest. (Doc. 58, p. 3). These claims, however, are time-barred as per § 2255(f)(1).

The second argument the Magistrate addresses in his R&R is whether the Supreme Court's 2013 decision in *Alleyne*, 133 S.Ct. at 2151, may apply retroactively to Stewart's claims and extend the statute of limitations period that ordinarily would apply. *See* § 2255(f)(3). Stewart argues in his Objections that the five-level sentencing enhancement applied by the Court violated the Supreme Court's holding in *Alleyne*, in that the enhancement constituted a "pattern of activity" that was used to increase Stewart's statutory mandatory minimum in violation of his Sixth Amendment rights. (Doc. 58, p. 2). Setting aside the question of whether *Alleyne* provides a legitimate basis to vacate, set aside, or correct Stewart's particular sentence the Court agrees with the Magistrate that the Supreme Court has not announced that the holding in *Alleyne* is retroactively applicable on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[U]nder [§ 2255(h)], the Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined

---

[1] The Court has carefully reviewed Stewart's Motion (Doc. 51) and finds that he never asserted an ineffective-assistance claim. His sole argument in favor of setting aside his sentence was that he was subjected to a sentencing enhancement pursuant to U.S.S.G. § 2G2.2 that required findings of fact that were not charged in the Indictment nor presented to a jury, which Stewart contends violated his Sixth Amendment rights, as articulated in *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.").[2]

Accordingly, for the reasons described herein, the Court finds that Stewart's objections offer neither law nor fact requiring departure from the Magistrate's findings. Accordingly, the R&R (Doc. 57) is **ADOPTED IN ITS ENTIRETY**, and Petitioner's § 2255 Motion to Vacate (Doc. 51) is **DENIED**.

**IT IS SO ORDERED** this 10th day of September, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] Furthermore, the Court agrees with the Magistrate that even if *Alleyne* were retroactively applicable here, its substantive application would not afford Stewart a basis from which to argue his sentence was issued in violation of his constitutional rights.