IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

**V.**                           **CASE NO. 5:05-CR-50023-TLB-1**

**JAMES HALE STEWART**                                                **DEFENDANT**

## OPINION AND ORDER

Currently before the Court is Defendant James Hale Stewart's *pro se* Motion for Compassionate Release (Doc. 66). The Court appointed the Federal Public Defender to represent Mr. Stewart and to file any necessary supplements (Doc. 69). Mr. Stewart did so, filing an additional Motion to Reduce Sentence (Doc. 72). The Government filed a Response (Doc. 77), and Mr. Stewart replied (Doc. 82). Now that both Motions are ripe and having reviewed all of these filings, the Court **DENIES** Mr. Stewart's Motions (Docs. 66 & 72) for the reasons explained below.

## I. BACKGROUND

Mr. Stewart pleaded guilty to one count of transmission in interstate commerce of child pornography and one count of possession of child pornography. The Court sentenced him to 220 months imprisonment on the transmission count and 80 months on the possession count, to run consecutively, for a total of 300 months. (Doc. 34). Mr. Stewart also received a sentence of supervised release for life, a $5,000 fine, and a $200 special assessment. *Id.* This was a Guideline-range sentence, as his Guideline sentencing range was 292 to 360 months.

Mr. Stewart is currently incarcerated at FCI Elkton, with a projected release date of May 29, 2026. *See* Fed. Bureau of Prisons, Inmates, https://www.bop.gov/inmateloc/

(last accessed Dec. 16, 2020). He has served approximately 187 months of his original sentence but now moves for compassionate release under 18 U.S.C. § 3582(c)(1). The medical records tendered by the parties indicate that Mr. Stewart tested positive for COVID-19 on June 1, 2020. (Doc. 77-1, p. 25). Mr. Stewart argues that, due to his chronic obstructive pulmonary disease, emphysema, enlarged prostate, and history of cancer, he is at a higher risk of a severe reinfection of COVID-19.

## II. LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). Application Note 1(A)(ii)(I) of USSG § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant

to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

#### A. Exhaustion of Remedies

The Court's ability to rule on Mr. Stewart's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Stewart presents proof that he requested compassionate release from his warden on April 23, 2020 (Doc. 72-2, p. 1). His warden denied that request on April 24, 2020. *Id.* at p. 2. Since Mr. Stewart petitioned his warden for early release on April 23 and more than 30 days have lapsed since then, the Court finds that Mr. Stewart has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

#### B. Extraordinary and Compelling Circumstances

Since Mr. Stewart has already recovered from a COVID-19 infection, his argument for compassionate release relies upon his ongoing risk of reinfection and potential complications arising from his preexisting medical conditions. As to Mr. Stewart's risk of reinfection, that risk is speculative. The Centers for Disease Control and Prevention ("CDC") website states that "[c]ases of reinfection with COVID-19 have been reported,

but remain rare." Ctrs. for Disease Control and Prevention, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed Dec. 17, 2020). In short, there is little basis for the Court to conclude that Mr. Stewart faces any risk of reinfection. Other courts have agreed that the risk of COVID-19 reinfection does not, by itself, qualify as an extraordinary and compelling reason justifying compassionate release. *United States v. Molley*, 2020 WL 3498482, at *2–3 (W.D. Wash. June 29, 2020) ("That possibility [of reinfection] is not the same as the concrete and serious threat that infection poses to at-risk inmates, and it is not an extraordinary and compelling reason to release Molley from prison."); *but see United States v. Hanson*, 2020 WL 3605845, at *4 (D. Or. July 2, 2020) (noting that a prior infection of COVID-19 may not necessarily confer immunity). In the Court's view, at this time, the risk to Mr. Stewart posed by a potential reinfection is too speculative to constitute an extraordinary and compelling reason for compassionate release.[1]

Similarly, Mr. Stewart has failed to demonstrate that his physical condition following his COVID-19 infection prevents him from providing self-care within the correctional facility. Mr. Stewart argues that because he is 61 years old and has COPD, emphysema, an enlarged prostate, and a history of cancer, he is especially vulnerable to a reinfection of COVID-19. But his medical records following his June 1 positive COVID-19 test contain no indication that he has experienced a negative impact due to that infection. *See* Doc. 77, pp 1–24. Further, regardless of his COVID-19 infection, there is

---

[1] The Court's decision on this score reflects the present scientific uncertainty regarding the risks of reinfection. Should that uncertainty be resolved and the risk become more apparent, the Court may reevaluate whether that risk constitutes an extraordinary and compelling reason to release inmates from prison.

4

little evidence that Mr. Stewart's medical conditions have deteriorated to the point that he is unable to provide self-care within the correctional facility. Accordingly, the Court concludes that Mr. Stewart has failed to show an extraordinary and compelling basis for a reduction of his sentence.

### C. Section 3553(a) Factors

Even if Mr. Stewart were able to demonstrate extraordinary and compelling reasons for his release, he is not a suitable candidate for early release considering the Section 3553(a) factors. Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. Mr. Stewart's offense conduct is remarkably serious: He shared images of child pornography with an undercover officer (UC), including images that Mr. Stewart took of his ten-year-old stepdaughter. (Doc. 62, pp. 4–5). Mr. Stewart also told the UC that he had molested his stepdaughter in the past. *Id.* at p. 5. A forensic examination of Mr. Stewart's computer found nude and semi-nude images of his stepdaughter, as well as other images and videos containing child pornography. *Id.* at p. 6. Given this offense conduct, the Court finds that 187 months imprisonment is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would engage in similar criminal activities. Additionally, allowing Mr. Stewart to complete his prison sentence in 187 months would create a significant disparity with similarly situated defendants. In sum, after considering and weighing all of the Section 3553(a) factors, the Court continues to find that a sentence of 300 months is just and fair under the totality of the circumstances.

For these reasons, even assuming Mr. Stewart has demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that the Section 3553(a) factors do not justify compassionate release of Mr. Stewart.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that James Hale Stewart's *pro se* Motion for Compassionate Release (Doc. 66) and his Motion to Reduce Sentence (Doc. 72) are **DENIED.**

**IT IS SO ORDERED** on this 13th day of January, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE